IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GUADALUPE MARTINEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 21-cv-1394-DWD |
| ) | |
| JAROD PETERS, ) | |
| CHRISTOPHER GEISEN. ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Guadalupe Martinez, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at the Randolph County Jail. (Doc. 1). Plaintiff was detained at the time that he filed this lawsuit, but he has since been released. Plaintiff claims that on September 20, 2021, a fellow detainee stabbed him with a pen and he was rushed to the hospital for treatment. He alleges that in October of 2021 he pursued grievances about the incident, but the defendants never responded. He requests compensatory damages.

Plaintiff's Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b).

---

[1] Because Plaintiff was detained at the time he filed this complaint, his complaint is subject to review under § 1915A. Section 1915A(c) defines a "prisoner" as any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for violations of criminal law or the terms and conditions of parole, probation, pretrial release or a diversionary program.

Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff alleges that on September 18 or 19, 2021, his assailant was moved into the Block 3 Unit at the Randolph County Jail (Jail). His assailant immediately began to complain about being housed with federal detainees or inmates, and he repeatedly asked correctional officers to relocate him. (Doc. 1 at 6). The officers told the assailant that he would have to raise the issue with Defendant Jarod Peters. The assailant began to write grievances about the issue. Receiving no response or a dissatisfactory response, the assailant became increasingly agitated. On September 20, 2021, the assailant rose from a seated position while writing a grievance and stabbed Plaintiff above the right eye with an ink pen. (*Id.* at 7). Plaintiff was rushed to the hospital for treatment because the bleeding was uncontrollable. Plaintiff received stitches.

Plaintiff alleges that following the incident, he began to ask correctional staff if his assailant was disciplined for the incident. Correctional Officer Woods told him that he gave the incident report to Defendant Peters, but he had not heard anything about it. (*Id.* at 8). Over the course of two weeks, Plaintiff asked multiple correctional officers about the incident, but no one knew anything about the outcome. On October 19, 2021, hearing nothing, Plaintiff requested a grievance form, which he used to inquire about any

discipline as a result of the assault. Plaintiff alleges that there was a five-day response period for grievances at the jail, but he did not hear anything within that timeframe. Plaintiff asked Correctional Officer Middendorf about his grievance, and Middendorf told him that either Defendant Peters or Defendant Christopher Geisen were responsible for responding to grievances. Middendorf said he would make sure the two were aware of the grievance. Plaintiff never heard anything further. He filed his complaint on November 1, 2021.

Plaintiff seeks compensatory damages for "pain and suffering, psychological anguish, and any future medical bills" from Defendants Peters and Geisen. He also seeks compensation from Defendant Geisen for negligence.

## Analysis

To state a claim under § 1983, a plaintiff must allege that each defendant was personally involved in the deprivation of a constitutional right. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014). A plaintiff can bring a variety of claims under § 1983, such as an Eighth Amendment claim for deliberate indifference to a serious medical need, or an Eighth Amendment claim for failure to protect from a serious risk of harm. A plaintiff cannot, however, maintain a claim purely for an administrator's failure to respond to a grievance. *Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017). "Prison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance." *Id.*

Here, Plaintiff alleges that Defendants Peters and Geisen violated his rights because they failed to respond to his grievance concerning the fellow-inmate who

stabbed him. The failure of an official to respond to a grievance is not a constitutional violation, so Plaintiff has failed to state a valid claim on this basis. This is not to say that Plaintiff has no claim, or that his injuries were not serious. Plaintiff simply has not identified a constitutional harm based on the allegations he presented in this lawsuit. Plaintiff will be given an opportunity to amend his complaint. *See Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016) (a pro se plaintiff should ordinarily be given the chance to file an amended complaint if the original complaint fails to state a claim). He should also be aware that to the extent he wants to pursue a negligence claim or a tort claim for medical issues, which he mentioned in his request for relief, he may be able to raise such a claim in a state court. Negligence claims rely on state law and are generally best raised in a state court. If Plaintiff chooses to file an amended complaint, the amended pleading will completely replace the original, so Plaintiff needs to include everything that he wants considered in a single document. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Failure to file a timely amended complaint will result in the dismissal of this lawsuit. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1056-57 (7th Cir. 1997) (dismissal is allowed for failure to comply with a court order); 28 U.S.C. § 1915A.

[CONTINUED ON NEXT PAGE]

**Disposition**

Plaintiff is **DIRECTED** to file an Amended Complaint within 30 days of this Order. To assist him with preparing an amended complaint, the Clerk of Court is **DIRECTED** to mail Plaintiff a copy of the standard civil rights complaint form along with this Order. If Plaintiff fails to file an amended complaint, his case may be dismissed for failure to state a claim or failure to prosecute.

**IT IS SO ORDERED.**

Dated: March 4, 2022

_____
DAVID W. DUGAN
United States District Judge